UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NIKOLAY VLADIMIROV SLOBODA,

                Plaintiff,

    v.

LONN TURNER,

                Defendants.

Case No. C22-1104 RAJ-TLF

ORDER TO SHOW CAUSE

This matter is before the Court on plaintiff's filing of a Motion for Leave to Proceed *in forma pauperis* ("IFP") and his proposed civil rights complaint. Dkt. 1. Plaintiff is proceeding *pro se*. Dkt. 1-1. Due to the deficiencies in plaintiff's complaint, the Court will not grant plaintiff's motion at this time, but he will be given an opportunity to show cause why his IFP application should not be denied or to file an amended complaint by November 4, 2022.

## BACKGROUND

Plaintiff, a convicted state prisoner at Monroe Correctional Complex, filed a proposed 42 U.S.C. § 1983. In his complaint, he named seven defendants: Turner Lonn, Robin Smith and Officers Sodo, Po, Wilson and Beacroft. Dkt. 1-1 at 3. Plaintiff alleges that Mr. Lonn and Mr. Turner violated his Eighth Amendment rights when plaintiff was deprived a certain number of sugar packets a day for his coffee. *Id.* at 4-5.

ORDER TO SHOW CAUSE - 1

In his second claim, plaintiff alleges that Mr. Smith, a medical provider, violated his Eighth Amendment rights because plaintiff had a sore throat for a month and was denied medication to treat it. *Id.* at 7. Finally, in his third claim, plaintiff alleges that Officer's Sodo, Po, Wilson, Bearcroft and Hall violated his Eighth Amendment rights when they "threw uneatable and eatable food" on his cell floor for five straight days. *Id.* at 8. Consequently, he had to clean up his cell floor and was severely irritated. *Id.* at 11.

Plaintiff seeks an unspecified amount of money from each of the defendants and wants each defendant punished and prosecuted. *Id.* at 9.

## DISCUSSION

The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment

ORDER TO SHOW CAUSE - 2

would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

A. Eighth Amendment Claims – Conditions of Confinement

Where the conditions of confinement are challenged, a plaintiff must show: (1) the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation, and (2) that the prison official(s) acted "with a sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298 (1991).

As to the first prong, it is well settled that prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *See Farmer v. Brennan,* 511 U.S. 825, 847 (1994). "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Farmer*, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff's Eighth Amendment claim regarding the sugar packets per day for his coffee does not objectively show that he was deprived of something sufficiently serious. *See Lemire v. Cal. Dept. of Corr. & Rehab.,* 726 F.3d 1062, 1074 (9th Cir. 2013) (denial of the "minimal civilized measure of life's necessities" violates the Eighth Amendment). Claiming that he requires more sugar packets everyday does not state a colorable Eighth Amendment claim. As this claim is currently pled, it appears amendment may be futile. However, the Court grants plaintiff the opportunity to amend this claim to show that he was objectively deprived of something sufficiently serious and defendants acted with a sufficiently culpable state of mind.

With respect to plaintiff's claim regarding food being thrown onto his cell floor, plaintiff makes no claim that any serious health threat arose from the condition. These general statements with no other factual support or context do not establish or allow an inference that the conditions were sufficiently serious to amount to a constitutional violation. *See Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir.1988) (depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation).

Plaintiff will be given the opportunity to amend his complaint include factually specific allegations setting out the circumstances of the conditions of his cell, how such  conditions affected him in particular, and how and when each of the named defendants, or any of them, violated his rights with regard to the cleanliness of his cell.

B. Eighth Amendment Claim –Medical Condition

Plaintiff alleges that he was not provided with medical care after complaining to an unnamed individual about his sore throat. Plaintiff names Mr. Smith as the individual who allegedly violated his rights under this claim; however, plaintiff does not allege facts of how Mr. Smith specifically violated his Eighth Amendment rights.

The Eighth Amendment is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). Plaintiff does not allege that he suffered severe pain or any specific disability or harm from a sore throat, nor does he allege any serious harm as a result of not receiving medical attention after complaining about his sore throat. Because plaintiff did not provide facts to show which defendant(s) allegedly violated his rights, and failed to allege any harm resulting from specific acts or omissions of each defendant, plaintiff's claim alleging inadequate medical care in violation of the Eighth Amendment is insufficient.

If plaintiff seeks to pursue this claim, he should specify which defendant(s) were involved, whether any of the complained-of conduct by each defendant caused any serious harm, and specify the harm that he has allegedly suffered.

ORDER TO SHOW CAUSE - 5

CONCLUSION

Due to the deficiencies described above, the Court will not grant Plaintiff's IFP application or serve the complaint. Plaintiff is ordered, on or before November 4, 2022, to file an amended complaint or to show cause why this Court should not recommend his IFP application be denied.

Dated this 17th day of October, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge